UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) No. 3:10-cv-754 |
| | ) Judge Campbell |
| v. | ) |
| | ) |
| FERRER, POIROT, AND WANSBROUGH, et al., | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Plaintiff Samuel Jefferson, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, brings this *pro se* action, presumably under 28 U.S.C. § 1332, alleging negligence and malpractice against defendants Ferrer, Poirot, and Wansbrough, a law firm that solicited him to join a class action suit involving the anti-psychotic medication Zyprexa; Eli Lilly Corporation, the drug manufacturer; and the Garrettson Law Firm, a law firm allegedly involved in the Zyprexa class action settlement. (Docket No. 1). Plaintiff also has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

Plaintiff has not signed the complaint. (*Id.* at p.3). As per Rule 11(a), *Fed. R. Civ. P.*, every pleading must be signed by a party personally if the party is unrepresented. Therefore, the Clerk shall make a copy of the Plaintiffs' complaint for the Court's records and return the original complaint to the Plaintiff for his signature. The Plaintiff is directed to sign and return the original complaint to the Court within fifteen (15) days of his receipt of this Order.

Plaintiff is forewarned that if he does not comply with this Order within the fifteen (15) day

1

time frame specified, the Court may dismiss the action for want of prosecution and assess the full filing fee anyway. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If Plaintiff's case is dismissed under these circumstances, it will not be reinstated to the Court's active docket despite subsequent payment of the filing fee, or correction of any documentary deficiency. *Id.*

An extension of time to comply with this Order may be requested from this Court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this Order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

                                                 Todd J. Campbell
                                                 United States District Judge