IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL JEFFERSON | § | |
|     PLAINTIFF, | § | |
| v. | § | CAUSE OF ACTION NO. |
| | § | |
| FERRER, POIROT AND WANSBROUGH | § | 3:10-CV-754 |
| ELI LILLY CORPORATION | § | |
| AND | § | JUDGE CAMPBELL |
| THE GARRETTSON LAW FIRM, LLC | § | |
|     DEFENDANTS. | § | |

**DEFENDANT FERRER, POIROT AND WANSBROUGH'S
MOTION TO DISMISS UNDER RULE 12(B)(6) FOR RES JUDICATA and
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Comes now Defendant Ferrer, Poirot and Wansbrough (FPW), and files this Motion to Dismiss and Memorandum of Law under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I. MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant FPW moves to dismiss Plaintiff's claims under the doctrine of *res judicata* as the pleadings in the Plaintiff's prior case and in this instant case, all of which the Court may take judicial notice of, establish all four elements of this affirmative defense.

**II. MEMORANDUM OF LAW**

    **A. INTRODUCTION**

Shakespeare made it artfully clear that renaming something does not change the reality behind it, when he penned, "What's in a name? that which we call a rose, By any other name would smell as sweet; … ."[1] However, Plaintiff's attempt to rename his not-so-sweet smelling

---

[1] Shakespeare, William; "*Romeo and Juliette*," Act II, Scene ii.

**Defendant Ferrer, Poirot and Wansbrough's Motion to Dismiss**      Page 1 of 10

prior lawsuit does not change the fact that it still is the same invalid claim, only impermissibly refilled under the guise of a negligence/malpractice claim. Defendant FPW file this Motion to Dismiss because the doctrine of *res judicata*, which is clearly defined within the Sixth Circuit, prevents multiple lawsuits covering the same facts and allows all such subsequent claims based on the same facts, however renamed, to be dismissed under Rule 12(b)(6).

As detailed below, the gravamen of Plaintiff's previously filed claim is the same as his newly filed claimed, that is assertions that at a timeframe when (1) Plaintiff was "legally and severely and mentally ill" and housed in a mental institution; (2) that the Defendants acted without consulting the Plaintiff's "psychiatrist, conservator or judge" that would have informed the Defendants of Plaintiffs' alleged "true mental state." Plaintiff Jefferson's prior claim was dismissed for failure to state a claim as none of the Defendants were State actors under Section 1983. *See* Exhibits C, Order (re Forma Pauperis), Doc. 6, at pp. 3-4, D, (Final Judgment) and F (Magistrate's Report and Recommendation). The only difference between these two lawsuits, which clearly flow from the same operative facts, is that the Plaintiff now claims that Defendants violated Tennessee negligence and legal malpractice law, whereas before the Plaintiff claimed Defendants' conduct violated 42 U.S.C. Section 1983.

Defendant FPW now moves for dismissal under Rule 12(b)(6) for failure to state a claim under the doctrine of *res judicata*. As a substantive matter, Plaintiff's claims will ultimately fail as a matter of law on the individual elements of negligence and/or malpractice, the affirmative defenses of ratification and/or the statute of limitations; or, otherwise. However, as such claims are normally dealt with through a Rule 56 Motion for summary judgment usually after adequate time for expensive discovery, and because the doctrine of *res judicata* is properly a subject of a prompt Rule 12(b)(6) motion based solely on the pleadings in these two cases, Defendant FPW

files this Motion for Dismissal under Rule 12(b)(6) for failure to state a claim based on the doctrine of *res judicata*, and states as follows.

## B. PROCEDURAL BACKGROUND:

Plaintiff is an incarcerated individual who is bringing a diversity action against three Defendants whom he previously unsuccessfully sued under 42 USC Section 1983. Plaintiff admits that he is suing the same parties arising from a prior Section 1983 claim that was dismissed on the merits (however, he improperly asserts that the prior dismissal was without prejudice). *See* Document 1 at p. 1. Even more, an analysis of the Plaintiff's *prior* factual assertions compared to his *current* allegations show the two claims are based on the same operative facts:

| Prior Allegations under Section 1983[2] (Emphasis added by FPW) | Current Allegations of Negligence/Malpractice (Emphasis added by FPW) |
|---|---|
| 1. Plaintiff signed a <u>contract for legal representation</u> for Defendants Ferrer Poirot and Wansbrough to sue Eli Lilly; *See* Ex. A, Plaintiff's Complaint in case 3:09 – CV-00664-JPM-JMP (attached as Exhibit "A") at 6 | 1. Plaintiff now alleges he entered a <u>retainer contract</u> between himself and Defendant FPW). *See* Ex. B, Plaintiff's Complaint, Document 1 at p. 1 |
| 2. Plaintiff previously alleged that at the time he signed the attorney-client contract, he was "<u>legally, severely, mentally ill</u>" and *housed in the Western Mental Health Institute in Bolivar*; *Id*.; | 2. Plaintiff's now alleges that at that time when Plaintiff signed the retaining contract, he was "<u>legally and severely mentally ill</u> and *housed in the Western Mental Health Institute in Bolivar*, Tennessee" *Id.* |
| 3. Plaintiff previously alleged that FPW failed to check and establish Plaintiffs' true mental state with either the plaintiff's "<u>psychiatrist, conservator or judge who ruled on Plaintiff's mental status</u>, *before mending [plaintiff's]* | 3. Plaintiff now alleges that Defendant FPW failed to "consult my <u>psychiatrist, my conservator, or the judge who had ruled on my mental status</u> *before amending my signature and name to the thirty million dollar settlement* |

---

"[2]    By listing the allegations of both complaints, Defendant FPW does not agree to any particular assertion, but is merely summarizing the alleged claims against it as is required for a Rule 12(b)(6) motion.

| | |
|---|---|
| *name into the [global] settlement contract with Eli Lilly." Id.*; | ($30,000,000.00) settlement *contract with Eli Lilly." See id.* |
| 4. Plaintiff previously alleged that Defendant Eli Lilly "<u>failed and refused to ascertain</u>" plaintiff's true mental status before entering into a settlement agreement; *Id.*; | 4. Plaintiff's now alleges that Defendant Eli Lilly "<u>failed and refused to Scrutinize</u> the status of my signature and my mental status, … ." *Id.* at p. 2. |
| 5. Plaintiff previously alleged that Defendant Garretson Law Firm, L.L.C. "negotiated the settlement and acted as Financial Administrator" ... but while doing so "<u>failed to identify the legal necessary steps involving the anti-psychotic drug settlement</u>." *Id.*; | 5. Plaintiff's now alleges that Defendant the Garretson Law Firm LLC, "Negotiated the settlement" "acted as financial administrators" but while doing so "<u>failed to identify the legal necessary steps for each signature</u>." *Id.* |

Accordingly, both claims are facially based on the same incident. Additionally, Defendants note the following facts are also currently before the court pursuant to judicial notice:

1. Defendants' Joint Motion for Dismissal under Rule 12(b)(6) expressly sought dismissal with prejudice (*See* Ex. E, Doc 107 in 3:09 –CV-00664-JPM-JMP at p. 1);

2. The Magistrate's Report and Recommendation did not specify that dismissal would be without prejudice (*See* Ex. F, Doc 114 in 3:09 –CV-00664-JPM-JMP at p. 7) ; and,

3. The District Court's final Order states it is a final judgment under Rule 58 (See Ex. D, Doc 115 in 3:09 – CV- 00664-JPM-JMP at p. 1).

Each of the above items is properly before the Court under the doctrine of judicial notice.

### C. Arguments and Authorities

#### 1. Res Judicata is a Proper Grounds for Dismissal Under Rule 12(b)(6)

Although typically an affirmative defense is not properly the subject of a Rule 12(b)(6) motion to dismiss, when that affirmative defense is the doctrine of *res judicata*, there are three

separate manners in which a Rule 12(b)(6) motion becomes proper – each of which has occurred in this case.

*First*, the defense of *res judicata* may be raised by motion to dismiss where existence of such defense can be judged on face of complaint. *See Jones v Gann*, 703 F2d 513 (11th Cir. 1983). In this case, the Plaintiff has raised the issue by referencing the prior dismissal on Page 1 of the new complaint in the instant action.

*Second*, motions to dismiss are in order when the complaint incorporates by reference documents within the public record susceptible to judicial notice, which documents show beyond doubt that the action is barred under doctrine of *res judicata* by a prior adjudication. *See Banco Santander de P.R. v Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 16 (1st Cir. 2003)[3]. This exception applies as the Plaintiff's new complaint references this very court's prior opinion and it is hornbook law that a court may judicially notice its own prior orders.

*Third*, although the defense of *res judicata* is usually pleaded affirmatively and is not mentioned as one of defenses to be asserted by a Rule 12 motion to dismiss, it can be asserted as ground on motion to dismiss where judgment relied upon by the Movant was a judgment rendered by the court which is hearing the motion. *See W. E. Hedger Transp. Corp. v Ira S. Bushey & Sons, Inc.*, 186 F2d 236, 237 (2d Cir. 1951)(although Res Judicata "should usually be pleaded" … "where all the relevant facts are, as here, shown by the court's own records, of which it takes notice, there appears no good reason why an answer should be first required."); *see also, J. & L. Snouffer, Inc. v. Adams,* 203 F.2d 566, (6th Cir. 1953), *and, Haydu v. Billings*, 258 F.

---

[3] Indeed, even without a motion, "a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste." *Bezanson v. Bayside Enterps., Inc.*, 922 F.2d 895, 904 (1st Cir. 1990).

**Defendant Ferrer, Poirot and Wansbrough's Motion to Dismiss**         **Page 5 of 10**

Supp. 785, (D. Mont. 1966). As this Court is the court that previously dismissed the Plaintiff's complaint, this well recognized exception also applies.

Thus, under any or each of these three exceptions, the Plaintiff's current claim is subject to a Rule 12 Motion to Dismiss under the affirmative defense of *res judicata*. Because such dismissal will be quicker, more cost-effective to the Defendant, and not sap this court of valuable time and resources required if the Defendant were to file a substantive motion for summary judgment on limitations, ratification of the defensive grounds that Defendant FPW has provided superior services and accorded the Plaintiff use of his guardian, Defendant FPW files this motion, reserving all rights to file such future more substantive motions, if necessary at a later date.

### 2. Dismissal Must be Granted under Res Judicata / Claim Preclusion

*Res judicata* "'bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated.'" *Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Serv., Inc.,* 799 F.2d 213, 216 (5th Cir. 1986) (quoting *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (en banc)) (emphasis in original). *"Res judicata* is designed to ensure the finality of federal judgments in order to encourage reliance on judicial decisions, bar vexatious litigation, and free courts to resolve other disputes." *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 913 (7th Cir. 1993) (citing *Brown v. Felsen,* 442 U.S. 127, 131, 60 L. Ed. 2d 767, 99 S. Ct. 2205 (1979)). Federal law determines the *res judicata* effect of a prior federal court judgment. *Russell v. SunAmerica Secs., Inc.,* 962 F.2d 1169, 1172 (5th Cir. 1992); *Meza v. General Battery Corp.,* 908 F.2d 1262, 1265 (5th Cir. 1990). The doctrine of *res judicata* bars a subsequent action if the following four requirements are met:

1) the parties of the two suits are identical;

2) there was a final judgment on the merits;

3) the final judgment was rendered by a court of competent jurisdiction; and

4) the same cause of action is involved in both suits.

*Eubanks v. FDIC,* 977 F.2d 166, 169 (5th Cir. 1992); *Russell,* 962 F.2d at 1172; *Slaughter v. AT & T Info. Sys., Inc.,* 905 F.2d 92, 93 (5th Cir. 1990); *Miller v. United States Postal Serv.,* 825 F.2d 62, 63-64 (5th Cir. 1987).

### 1. The First and Third Elements of Res Judicata are Easily Satisfied as the Parties are Identical and this Court was and did have Competent Jurisdiction

The Plaintiff in this action has previously filed a Section 1983 cause of action against the three identical Defendants. *See* Document 6, at pp. 3-4, summarizing the prior action as between same Defendants. Additionally, this Court has ruled that it had proper jurisdiction over both actions. *See id.* at p. 1 – accepting diversity jurisdiction of this action and at pp. 3-4, noting prior dismissal on Merits of Section 1983 claim (not for lack of jurisdiction).

Accordingly, there is no doubt that the Defendants have satisfied the First and Third elements of the affirmative defense of *res judicata*.

### 2. A Dismissal under Rule 12(b)(6) is a Judgment on the Merits for Res Judicata Purposes

Under federal case law, the United States Supreme Court has made it clear that a motion to dismiss under Rule 12(b)(6) is a dismissal on the merits and serves as a full res judicata bar. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981) (dismissal under Rule 12(b)(6) is a judgment on merits); *see also Teltronics Services, Inc. v. L M Ericsson Telecommunications, Inc.*, 642 F.2d 31, 34 (2d Cir.)("judgments

**Defendant Ferrer, Poirot and Wansbrough's Motion to Dismiss**     **Page 7 of 10**

Case 3:10-cv-00754   Document 25   Filed 10/08/10   Page 7 of 10 PageID #: 66

under rule 12(b)(6) are on the merits, with *res judicata* effects.") U.S. *cert. denied*, 452 U.S. 960, 69 L. Ed. 2d 971, 101 S. Ct. 3108 (1981).

This result is also mandated by Rule 41(b) of the Federal Rules of Civil Procedure that states:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Indeed, the District Court's August 8th Order dismissing the prior case makes clear that the Order is a final judgment under Rule 58. *See* Ex. Doc 115- Order of Dismissal, attached as Exhibit "D."

Accordingly, Defendant FPW has satisfied the second element of the affirmative defense of *res judicata* – there was a "final judgment on the merits."

### 3. Under Sixth Circuit Precedent, the Prior Action Including the Current Claims for Res Judicata Purposes

The final element of the Affirmative defense of *res judicata* is that the Plaintiff's claims in the new action must be the "same as" in the new cause of action. Within the United States Court of Appeals for the Sixth Circuit, the doctrine of claim preclusion mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar on any subsequent action between the same parties with respect to every matter that was actually litigated in the first case as well as every ground of recovery that might have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). The doctrine of claim preclusion is often referred to as *res judicata*. *Id.* Even if a prior ruling is one that is based on a peculiarity

of the claims alleged therein that are not applicable to the new claims brought, such a dismissal still serves full preclusive effect. *See Squires v. City of Detroit*, 165 F.3d 28, case No. 97-1895, 1998 U.S. App. LEXIS 24138, **3-5[4] (6th Cir. Sep. 17, 1998)(New claims, which were based on same operative facts as Title VII complaint that was dismissed on failure to file complaint within ninety days of receiving EEOC letter, were properly dismissed under *res judicata* defense even though new action only asserted non-Title VII claims), *citing Cemer v. Marathon Oil Co.*, 583 F.2d 830, 831-32 (6th Cir. 1978)(When two claims "seek to remedy a single alleged wrong" a Rule 12(b)(6) dismissal on the first claim is on the merits and duismissal under *res judicata* is proper)(per curiam); *see also American Nat'l Bank & Trust Co. v. City of Chicago*, 826 F.2d 1547, 1553 (7th Cir.), *cert. denied*, 484 U.S. 977, 98 L. Ed. 2d 487, 108 S. Ct. 489 (1987).

Additionally, there is nothing about a Section 1983 claim that prevents it from being subject to *res judicata* as the United States Supreme Court has made it clear that the preclusive doctrines or *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) do apply to Section 1983 claims. *See Allen v. McCurry,* 449 U.S. 90, 104-106; 101 S. Ct. 411; 66 L. Ed. 2d 308 (1980).

Accordingly, Defendants have established all four elements of their affirmative defense of *res judicata* and Plaintiff's claims of Negligence and Malpractice must all be dismissed.

### CONCLUSION

The Plaintiff is improperly trying to have two bites at the same apple. The pleadings in these two cases established that all four elements of *res judicata* have been satisfied.

---

[4] Case listed at 165 F.3d 28, Court of Appeals full order, handed down with notice that it was not designated for publication.

Accordingly, Defendant requests this case be promptly dismissed under Rule 12(b)(6).

**WHEREFORE,** Defendant Ferrer, Poirot and Wansbrough respectfully requests that this court enter an order:

(1) Granting Defendant's Motion to Dismiss, ruling that Plaintiff take nothing by his claims;

(2) Dismissing Plaintiffs' Complaint with prejudice to refilling the same; and,

(3) Granting Defendant FPW all relief in law or equity that the Court deems just and right.

Respectfully submitted,

/s/ James W. Bewley
James W. Bewley, Attorney at Law
Tennessee State Bar No. 026788
209 Tenth Avenue, South, Suite 500
Nashville, TN 37203
615.777.9590 Telephone
615.254.6615 Fax
**Attorney for Defendant Ferrer,
Poirot & Wansbrough**

### CERTIFICATE OF SERVICE

The undersigned certifies that the above document was served on Plaintiff, Samuel Jefferson, pro se, via United States Mail addressed to Samuel Jefferson, # 143980, Lois M. Deberry, Special Needs Facility, 7D-108, 7575 Cockrill Bend Ind. Blvd., Nashville, TN 37243, on the day of filing , and upon all other attorneys of record by ECF.

/s/ James W. Bewley

_____
James W. Bewley