UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SAMUEL JEFFERSON, | ) | |
|---|---|---|
| | ) | 3:11cv288 |
| Plaintiff, | ) | No. 3:11-mc-00010 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE DEPARTMENT OF | ) | |
| MENTAL HEALTH AND DISABILITIES, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Samuel Jefferson, an inmate at the DeBerry Special Needs Facility in Nashville, Tennessee, seeks to file a *pro se* action in this court (Docket No. 1) alleging fraud, negligence, and violation of due process claims against the State of Tennessee Department of Mental Health and Disabilities; Western Mental Health Institute; Ferrer, Poirot, and Wansbrough ("FPW"), a law firm that solicited the plaintiff to join a class action suit involving the anti-psychotic medication Zyprexa; Mat Daniel, an agent and/or employee of FPW; Eli Lilly Corporation ("Eli Lilly"), the drug manufacturer; and the Garrettson Law Firm ("Garrettson"), a law firm allegedly involved in the Zyprexa class action settlement. (Docket No. 1). The plaintiff also has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

It appears from the plaintiff's application that he cannot afford to pay the filing fee. Therefore, the Clerk will **FILE** the complaint *in forma pauperis*. 28 U.S.C. §§ 1915(a), (b)(4). The Clerk is **DIRECTED** to convert this miscellaneous matter into a civil action.

1

The plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.*

The Clerk is **DIRECTED** to send a copy of this order to the Warden of the DeBerry Special Needs Facility in Nashville, Tennessee, to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is

frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The plaintiff's complaint concerns his involvement in a 2007 class action suit against drug manufacturer Eli Lilly for the anti-psychotic medication Zyprexa. (Docket No. 1). The plaintiff alleges that, while he was held at Western Mental Health Institute in Bolivar, Tennessee, he was solicited by defendant FPW through agent Mat Daniel to join the above referenced class action suit, despite FPW's knowledge that the plaintiff was mentally ill. (*Id.* at p.1). The plaintiff alleges that Mat Daniel fraudulently obtained the plaintiff's signature in connection with the Zyprexa class action settlement. (*Id.* at p.2).

The plaintiff alleges that Western Mental Health Institute failed to safeguard the plaintiff's rights when it allowed FPW to solicit the plaintiff's signature when Western Mental Health Institute knew or should have known that the plaintiff was mentally ill and incapacitated. (*Id.*) The plaintiff also alleges that the State of Tennessee Department of Mental Health and Disabilities negligently released the plaintiff's "records" to FPW. (*Id.* at p.2). According to the plaintiff, defendants Eli Lilly and Garrettson committed fraud by accepting and utilizing the plaintiff's signature and records in connection with the Zyprexa class action settlement. (*Id.*) As damages, the plaintiff seeks four million dollars ($4,000,000.00) from the Tennessee Department of Mental Health and Disabilities,

twenty million dollars ($20,000,000.00) from Mat Daniel and FPW, fifteen million dollars ($15,000,000.00) from Eli Lilly, and one dollar ($1.00) from Garrettson. (*Id.* at p.3).

Some background is necessary for a complete understanding of the plaintiff's instant action. On June 29, 2009, the plaintiff filed an action under 42 U.S.C § 1983 against three of the defendants named in this action, contending that FPW, Eli Lilly, and Garrettson violated the plaintiff's civil rights by engaging in some of the very same conduct alleged in the instant case. (Case No. 3:09-cv-00664)(Campbell, J.). That action was referred to the Magistrate Judge for report and recommendation on any dispositive motions. (*Id.*, Docket No. 7). In his report and recommendation, the Magistrate Judge noted:

> FPW's professional conduct seems to have been questionable at best. If the Plaintiff's allegation is true that FPW came to a mental institution to obtain his signature for an action involving a drug known to treat severe mental illness, the Magistrate Judge believes that FPW should have been aware of the potential for mental incompetence and could have easily taken steps to ensure that signatures obtained were legally sound. However questionable FPW's conduct may have been, an action under 1983 is not the appropriate source for a remedy. The same logic applies to Defendants Eli Lilly and Garrettson although the undersigned notes that the two seem less blameworthy that FPW if a wrong was committed.

(Case No. 3:09-cv-00664, Docket No. 114 at p.6). The Magistrate Judge ultimately found that "the Plaintiff has not sufficiently plead any facts that raise the claim above a speculative level to show that the Defendants acted under color of law. At most, Plaintiff has alleged a possible malpractice or negligence claim, neither of which is actionable under 1983." (*Id.* at p.7). The court adopted and approved the Magistrate Judge's recommendation, and the plaintiff's § 1983 action was dismissed on August 10, 2010. (*Id.*, Docket No. 115).

Subsequently, the plaintiff filed another complaint in this court alleging negligence and malpractice claims against FPW, Eli Lilly, and Garrettson. *Samuel Jefferson v. Ferrer, Poirot, and Wansbrough, et al.*, No. 3:10-cv-754 (M.D. Tenn. filed Aug. 9, 2010)(Campbell, J.). The court reviewed the plaintiff's complaint and found that it contained at least one claim which was not facially frivolous, 28 U.S.C. § 1915A. (*Id.*, Docket No. 6). The case was referred to the Magistrate Judge (Docket No. 36), and several pre-trial motions are pending at this time.

The Court has reviewed the Complaint and finds that it contains at least one claim which is not facially frivolous. 28 U.S.C. § 1915A. From a review of the plaintiff's most recently filed complaint, it appears that the plaintiff's instant action presents common questions of law and fact with *Samuel Jefferson v. Ferrer, Poirot, and Wansbrough, et al.*, No. 3:10-cv-754, and that consolidation of these cases will prevent a multiplicity of litigation. Rule 42(a), Fed. R. Civ. P. Accordingly, the Clerk is **DIRECTED** to consolidate these cases.

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for each named defendant. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of these consolidated cases, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary,

under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

It is so **ORDERED.**

*Todd Campbell*
Todd J. Campbell
United States District Judge