IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL JEFFERSON, )
)
    Plaintiff, )
)
v. ) No. 3:10-0754
) Judge Sharp/Bryant
FERRER, POIROT, AND WANSBROUGH, )
et al., )
)
    Defendants. )

TO:     The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

In this consolidated case (Docket Entry No. 78), Defendant Ferrer, Poirot, and Wansbrough, ("Ferrer"), Defendant Garretson Law Firm, LLC, ("Garretson"), and Defendant Eli Lilly and Company, ("Eli Lilly"), have each filed two motions to dismiss. (Docket Entry Nos. 25, 28, 30, 89, 93, 95.) Plaintiff has responded[1] to these motions to dismiss (Docket Entry Nos. 74, 75, 101) and has filed several discovery motions in this case (Docket Entry Nos. 22, 24, 27, 32, 51). Defendants Tennessee Department of Mental Health and Disabilities, ("TDMHD"), Western Mental Health Institute, ("WMHI"), and Middle Tennessee Mental Health Institute, ("MTMHI"), have filed one motion to dismiss (Docket Entry No. 90), to which Plaintiff has responded (Docket Entry No. 97). All pending motions have been referred to the undersigned Magistrate Judge for a report and recommendation. (Docket Entry No. 36.)

---

[1] Plaintiff filed one response styled "Motion to Resist Motions to Dismiss" and it has been docketed as a motion for disposition. (Docket Entry No. 74.) It should be denied as moot, and instead considered as Plaintiff's response to the multiple motions to dismiss.

1

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants Ferrer, Garretson, Eli Lilly, MTMHI, WMHI, and TDMHD's motions to dismiss be granted and that Plaintiff's discovery motions be denied as moot.

**Statement of the Case and Facts**

The pro se Plaintiff, proceeding in forma pauperis, filed Civil Action Number 3:10-0754 on August 9, 2010, against Defendants Ferrer, Garretson, and Eli Lilly for malpractice and negligence arising from a 2007 settlement between Eli Lilly and Plaintiff, among other class action plaintiffs. (Docket Entry Nos.1, 11.) Plaintiff was represented by Ferrer in that settlement and Garretson facilitated negotiation of the settlement. (Docket Entry No. 11, Compl. at 1-2.) Plaintiff alleges that Defendant Ferrer committed malpractice and was negligent in soliciting Plaintiff's signature for the class action settlement with Eli Lilly without consulting Plaintiff's psychiatrists, conservator, or a judge while he was severely mentally ill and housed at WMHI in Bolivar, Tennessee. (Compl. at 1-2.) Plaintiff also alleges that Garretson was negligent in failing to "identify the legal necessary steps for each signature," and that Eli Lilly was negligent and violated Plaintiff's 14th Amendment due process rights by failing to scrutinize Plaintiff's signature and mental state. (Compl. at 2.)

Defendants Ferrer, Garretson, and Eli Lilly contend that Plaintiff's claims against them are precluded by the doctrine of *res judicata* (Docket Entry Nos. 25, 28, 30) because Plaintiff previously filed a civil action against them that was dismissed with prejudice by this Court on August 10, 2010, involving the same 2007 settlement. Jefferson v. Ferrer, Poirot and Wansbrough, No. 3-09-0664, 2010 WL 3155991 (M.D. Tenn. Aug. 10, 2010). In that case, Plaintiff had filed claims against the same three Defendants for violation of his civil rights under 42 U.S.C. § 1983. Chief Judge Campbell adopted the Report and Recommendation of the

2

Magistrate Judge and ordered dismissal of Plaintiff's § 1983 claims against all three Defendants because Plaintiff "had not sufficiently plead any facts that raise the claim above a speculative level to show that the Defendants acted under color of state law." Jefferson v. Ferrer, Poirot and Wansbrough, No. 3-09-0664, 2010 WL 3155996, at *4 (M.D. Tenn. July 23, 2010) (report and recommendation); see also Jefferson, No. 3-09-0664, 2010 WL 3155991, at *1 (order).

During the current case, and with several motions to dismiss and discovery motions pending, Plaintiff filed another lawsuit, Civil Action No. 3:11-0288, adding a claim of fraud against Defendants Ferrer, Eli Lilly, and Garretson; adding an attorney, Matt Daniel, an employee or agent of Ferrer, and a claim of fraud against him; and adding WMHI, MTMHI, and TDMHD as defendants accused of negligence and 14th Amendment due process violations. (Second Compl. at 1-2.) Plaintiff alleges that Matt Daniel was the attorney from Ferrer who actually sent, and advised Plaintiff to sign, the medical records release document for the settlement agreement, and that he committed fraud in doing so. (Second Compl. at 2.) Plaintiff further alleges that WMHI was negligent in allowing the solicitation of Plaintiff for the records release, and that MTMHI was negligent in releasing Plaintiff's medical records to Ferrer. (Second Compl. at 1-2.) However, Defendant Daniel contends that Plaintiff's claim against him is precluded by the doctrine of *res judicata* as Defendant Ferrer was his employer and Plaintiff's previous suit against Defendant Ferrer was dismissed with prejudice. (Docket Entry No. 89.) Defendants WMHI, MTMHI, and TDMHD contend that this Court lacks jurisdiction over them as the Defendants are entitled to sovereign immunity under the Eleventh Amendment. (Docket Entry No. 90.)

Chief Judge Campbell[2], observing that Plaintiff's second action "presents common questions of law and fact" with the first pending action, consolidated these cases under Case Number 3:10-0754 to "prevent a multiplicity of litigation." (Docket Entry No. 78, Consolidation Order at 5.)

**Legal Analysis**

A. <u>Standard of Review</u>

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." <u>Association of Cleveland Fire Fighters v. City of Cleveland</u>, 502 F.3d 545, 548 (6th Cir. 2007) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The complaint must "state a claim to relief that is plausible on its face," not merely conceivable. <u>Twombly</u>, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> In considering a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences from its allegations in favor of the plaintiff. <u>Bishop v. Lucent Techs., Inc.</u>, 520 F.3d 516, 519 (6th Cir. 2008); <u>Lindsay v. Yates</u>, 498 F.3d 434, 438 (6th Cir. 2007).

---

[2] This consolidated case has since been transferred to District Judge Kevin H. Sharp. (Docket Entry No. 98.)

Although pro se complaints are to be construed liberally by the court, Boag v. MacDougall, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

   B. Defendants Ferrer, Garretson, Eli Lilly, and Daniel

In this consolidated case, Defendants Ferrer, Garretson, Eli Lilly, and Daniel have asserted the defense of claim preclusion[3], encompassed by the doctrine of *res judicata*, in response to all claims asserted against them by Plaintiff. Because the initial case was filed in and judgment was rendered by this Court, federal *res judicata* principles apply. Remus Joint Venture v. McAnally, 116 F.3d 180, 184 n.5 (6th Cir. 1997) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 87 (1982)). The doctrine of *res judicata* is well established and provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (citing Comm'r v. Sunnen, 333 U.S. 591 (1948) and Cromwell v. County of Sac, 94 U.S. 351 (1877)); see also Steeg v. City of Dearborn Heights, 979 F.2d 851, 1992 WL 337502, at *1 (6th Cir. Nov. 13, 1992) (Table). A subsequent action is barred by the doctrine of *res judicata* when the following four elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or

---

[3] The distinct concepts of issue preclusion and claim preclusion are often referred to collectively as *res judicata*. Issue preclusion "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided" while claim preclusion "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). The undersigned will refer to claim preclusion as *res judicata* for simplicity.

their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2006); Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995). To satisfy the third and fourth elements, "there must be an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." Wilson v. Strickland, 333 Fed. Appx. 28, 2009 WL 1477248, at *3 (6th Cir. May 28, 2009) (quoting Westwood Chem. Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981)). Moreover, "[w]here the two causes of action arise from the 'same transaction, or series of transactions,' the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." Holder v. City of Cleveland, 287 Fed. Appx. 468, 2008 WL 2787496, at *2 (6th Cir. July 17, 2008) (quoting Rawe, 462 F.3d at 529). Finally, when *res judicata* applies, a complaint is properly dismissed under Rule 12(b)(6). ABS Indus. v. Fifth Third Bank, 333 Fed. Appx. 994, 2009 WL 1811915, at *2-3 (6th Cir. June 25, 2009); Hanger Prosthetics & Orthotics E., Inc., v. Henson, 299 Fed. Appx. 547, 2008 WL 4791321, at *9-10 (6th Cir. Nov. 4, 2008); Risser v. Metro. Gov't of Nashville & Davidson County, 2009 WL 1974747, at *2 n.2 (M.D. Tenn. July 7, 2009).

Here, the first two elements of the four-part test are satisfied. First, the Court's dismissal[4] of Plaintiff's previous § 1983 complaint constituted a final decision on the merits. Jefferson, No. 3-09-0664, 2010 WL 3155991, at *1. Second, Plaintiff sued the same three Defendants, Ferrer, Garretson, and Eli Lilly, in both his adjudicated action and his current consolidated action. See

---

[4] Plaintiff contends that the dismissal of the previous complaint was a dismissal without prejudice to refile. (Docket Entry No. 1, Compl. at 1.) However, an involuntary dismissal pursuant to Rule 12(b)(6) has the effect of an adjudication on the merits "unless the dismissal order states otherwise…" Fed. R. Civ. P. 41(b) (2011); see also Moitie, 452 U.S. at 399 n.3; Angel v. Bullington, 330 U.S. 183, 190 (1947).

Jefferson, No. 3-09-0664, 2010 WL 3155991; (Docket Entry No. 1[5]; Case No. 3:11-0288, Docket Entry No. 1.) In addition, Defendant Daniel was an employee or agent of Defendant Ferrer, a party to the previously adjudicated law suit, (Docket Entry No. 89, Def. Ferrer's Mot. to Dismiss at 9), and, therefore, a privy of Defendant Ferrer for *res judicata* purposes. See ABS Indus., 2009 WL 1811915, at *5 (recognizing that "it is well settled that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship.").

Third, because both the previously adjudicated case and the current consolidated case arise from the "same transaction," the Zyprexa settlement and liability release from 2007 and Defendants' conduct related thereto with regards to Plaintiff's signature, Plaintiff should have brought his new claims[6] for malpractice, negligence, fraud, and 14th Amendment due process violations along with his § 1983 claim in the first action. See Jefferson, No. 3-09-0664, 2010 WL 3155991; (Docket Entry No. 1; Case No. 3:11-0288, Docket Entry No. 1); see also Holder, 2008 WL 2787496, at *2. Fourth, comparing Plaintiff's previously adjudicated complaint with his second and third complaints in this consolidated case, there is clearly an identity of the causes of action. See Jefferson, No. 3-09-0664, 2010 WL 3155991; (Docket Entry No. 1; Case No. 3:11-0288, Docket Entry No. 1) Plaintiff alleges almost word-for-word the same facts in the complaints. Moreover, Plaintiff seeks to introduce the exact same evidence from the previously

---

[5] All citations to "Docket Entry" without a corresponding case number are citations to Case Number 3:10-0754, the current consolidated case.

[6] It appears that Plaintiff also alleges a claim under "42 C.F.R. Part 2," which the undersigned has determined to be alleged violations of 42 U.S.C. § 290dd-2, as amended. (Case No. 3:11-0288, Docket Entry No. 1.) However, 42 U.S.C. § 290dd-2 does not create a private right of action and the claim cannot be sustained. Ellison v. Cocke County, 63 F.3d 467, 471 (6th Cir. 1995); see also Doe v. Broderick, 225 F.3d 440, 449 (4th Cir. 2000); Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999).

adjudicated case in this consolidated case in support of his new claims. (Docket Entry No. 27, Pl.'s Req. for Entry of Docs. From 3:09-0664.)

Thus, the undersigned Magistrate Judge finds that *res judicata* bars Plaintiff's claims in this consolidated action against Defendants Ferrer, Garretson, Eli Lilly, and Daniel. Plaintiff's previous action was adjudicated on the merits and no appeal was filed. This consolidated action involves the same three defendants, or privies of the defendants, against whom Plaintiff filed the previous § 1983 action that was adjudicated on the merits. Furthermore, this consolidated action arises out of the same 2007 Zyprexa settlement, alleges the same facts as the previous action, and seeks to introduce the same evidence as the previous action. As such, the undersigned recommends that Defendants Ferrer and Daniel's motions to dismiss be granted (Docket Entry Nos. 25, 89), Defendant Garretson's motions to dismiss be granted (Docket Entry Nos. 28, 93), and Defendant Eli Lilly's motions to dismiss be granted (Docket Entry Nos. 30, 95).

C. Defendants WMHI, MTMHI, and TDMHD

Defendants WMHI, MTMHI, and TDMHD filed a motion to dismiss Plaintiff's negligence and Fourteenth Amendment due process claims[7] for lack of subject-matter jurisdiction under Rule 12(b)(1)[8] based upon Eleventh Amendment sovereign immunity, and,

---

[7] Although Plaintiff's complaint claims a violation of federal rights, "which necessarily must be presented under 42 U.S.C. § 1983," he does not invoke § 1983 in his complaint. Hood v. City of Boston, 891 F. Supp. 51, 54 (D. Mass. 1995). However, failure to reference a specific federal law in the complaint is not fatal. Majeske v. Bay City Bd. of Educ., 177 F. Supp.2d 666, 670 (E.D. Mich. 2001); Hood, 891 F. Supp. at 54.

[8] The Sixth Circuit has left unsettled "whether [a court] must, or whether [a court] may, resolve a sovereign-immunity defense before addressing the merits." Nair v. Oakland County Cmty. Mental Health Auth., 443 F.3d 469, 474 (6th Cir. 2006). However, because Defendants have asserted sovereign immunity as a threshold defense by Rule 12(b)(1) motion, the undersigned must consider the defense first as a challenge to federal jurisdiction. Id. at 476 ("While the trend in this area seems to favor giving federal courts discretion over the issue, we need not decide the point because there is a narrower ground for decision, one that (we suspect) will account for most situations in which the issue arises. The most salient difference between sovereign immunity and subject-matter jurisdiction is that the former may be altered by the parties' litigation conduct while the latter may not be. And it is just one party's

because the claims are time-barred by the applicable statute of limitations, under Rule 12(b)(6) for failure to state a claim. (Docket Entry No. 91.) Plaintiff filed a response concurring with Defendants' Eleventh Amendment defense and requesting dismissal as to Defendants WMHI, MTMHI, and TDMHD. (Docket Entry No. 97, Pl.'s Resp. in Concurrence at 1.) However, the undersigned will still consider Defendants' motion as Plaintiff is proceeding pro se.

It is well-established that a federal court cannot "entertain a suit brought by a citizen against his own State" and that such federal jurisdiction "against unconsenting states 'was not contemplated by the Constitution when establishing the judicial power of the United States,'" regardless of the form of relief sought. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (quoting Hans v. Louisiana, 134 U.S. 1, 15 (1890)); see also U.S. Const. amend. XI. However, there are some generally recognized exceptions to the rule of sovereign immunity. Barton v. Summers, 293 F.3d 944, 948 (6th Cir. 2002). First, a state may waive sovereign immunity and expressly consent to suit. Id. (citing Alden v. Maine, 527 U.S. 706 (1999)). Second, Congress may abrogate a state's immunity pursuant to its Fourteenth Amendment powers. Id. (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72-73 (1996)). Third, "the Eleventh Amendment does not bar a federal court from issuing an injunction ordering prospective relief against a state official in order to prevent future constitutional violations." Id. (citing Ex parte Young, 209 U.S. 123, 159-60 (1908)).

Here, none of these generally recognized exceptions applies to deprive Defendants of Eleventh Amendment sovereign immunity. First, the state of Tennessee has not expressly (or

---

litigation conduct—the sovereign's—that may alter the existence of federal-court jurisdiction. If it is true that sovereign immunity may be waived and if it is true that just one party (the State) may waive the defense, the State would seem to be free to express whatever preference it wishes about whether the defense is a threshold issue or one that arises only if the sovereign would otherwise lose on the merits.")

impliedly) waived immunity and consented to Plaintiff's suit. Defendants note that Tennessee has consented to suit only in the Tennessee Claims Commission for claims of negligence, not in federal courts. (Docket Entry No. 91, Defs.' Mem. in Supp. at 5); Tenn. Code Ann. § 9-8-307. Second, Congress has not abrogated Tennessee's sovereign immunity by providing a cause of action for civil rights violations. Quern v. Jordan, 440 U.S. 332, 342 (1979) (noting that "neither logic, the circumstances surrounding the adoption of the Fourteenth Amendment, nor the legislative history of the 1871 Act compels, or even warrants…the conclusion that Congress intended by the general language of the Act to overturn the constitutionally guaranteed immunity of the several States."). Third, Plaintiff is seeking damages against Defendants, not injunctive or prospective relief, so the Eleventh Amendment would bar the claims against these defendants unless sovereign immunity is validly waived or abrogated. (Docket Entry No. 1, Compl. at 2; Case No. 3:11-0288, Docket Entry No. 1.)

Because none of the above-mentioned exceptions applies in this case and Defendants WMHI, MTMHI, and TDMHD are state agencies or departments, their Eleventh Amendment sovereign immunity deprives this Court of jurisdiction to hear the claims against them. Therefore, the Defendants' motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction should be granted and the undersigned need not consider the merits of these Defendants' statute of limitations defense.

In summary, Defendants Ferrer, Garretson, Eli Lilly, and Daniel's motions to dismiss should be granted as Plaintiff's claims are precluded by the doctrine of *res judicata*. Defendants WMHI, MTMHI, and TDMHD's motion to dismiss for lack of subject-matter jurisdiction should also be granted as Defendants have proven, and Plaintiff does not contest, that they are entitled to sovereign immunity by the Eleventh Amendment. Accordingly, these consolidated cases should

be dismissed with prejudice. Additionally, Plaintiff's discovery motions should be denied as moot (Docket Entry Nos. 22, 24, 27, 32), and Plaintiff's third motion for appointment of counsel (Docket Entry No. 51) should also be denied as moot.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Ferrer's motions to dismiss be **GRANTED**, that Defendant Garretson's motions to dismiss be **GRANTED**, that Defendant Eli Lilly's motions to dismiss be **GRANTED**, that Defendants MTMHI, WMHI, and the Department's motion to dismiss be **GRANTED**, and that Plaintiff's discovery motions and motion for appointment of counsel be **DENIED** as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 25th day of July, 2011.

    s/ John S. Bryant
    JOHN S. BRYANT
    United States Magistrate Judge