UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-00754 |
| ) | (Consolidated Case No. 3: 11-00288) |
| ) | Judge Sharp |
| FERRER, POIROT & WANSBROUGH, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is a Report and Recommendation ("R & R") (Docket No. 114) from Magistrate Judge Bryant in which he recommends that the Motions to Dismiss filed by Defendants Ferrer, Poirot & Wansbrough ("Ferrer"), Garretson Law Firm, LLC ("Garretson"), Matt Daniel ("Daniel") and Eli Lilly and Company ("Eli Lilly") (Docket Nos. 25, 28, 30, 89, 93 & 95) be granted. Magistrate Judge Bryant also recommends that the Motion to Dismiss filed by Defendants Tennessee Department of Mental Health and Disabilities, Western Mental Health Institute, and Tennessee Mental Health Institute (collectively "the State Defendants") (Docket No. 90) be granted. Finally, Magistrate Judge Bryant recommends that the discovery motions filed by Plaintiff Samuel Jefferson (Docket Nos. 22, 24, 27, 32 & 51) be denied as moot.

Plaintiff has filed Objections to the R & R (Docket No. 117). For the reasons set forth below, the Court will accept the R & R, reject Plaintiff's objections thereto, grant Defendants' Motions to Dismiss, and deny Plaintiff's pending discovery Motions as moot.

1

## I. DISCUSSION

This case, in which Plaintiff is proceeding *pro se*, involves Plaintiff's participation in a class action settlement against Eli Lilly relating to the anti-psychotic drug Zyprexa. The essence of Plaintiff's Complaint is that Ferrer, a Dallas, Texas law firm, solicited his signature for use in the settlement while Plaintiff was "severely mentally ill and housed in the Western Mental Health Institute," and that Ferrer, prior to obtaining his signature, failed to consult with his treating psychiatrist, his conservator, and the judge "who had ruled on [Plaintiff's] mental status[.]" (Docket No. 1 at 1-2). Plaintiff also claims that Eli Lilly "failed to scrutinize the status of [Plaintiff's] signature and [his] mental status" and "carelessly ignored protocol[.]" (Id. at 2). Plaintiff further claims that Garretson, which "negotiated the settlement and acted as financial administrators . . . failed to identify the legal necessary steps for each signature involving an anti-psychotic drug." (Id.) Plaintiff seeks a combined $9,500,000.00 against these Defendants for the alleged violation of his Fourteenth Amendment rights under the United States Constitution.

This is not the first time Plaintiff has filed suit in this Court based upon the exact same events. In Jefferson v. Ferrer, Poirot & Wansbrough, No. 3:09-0664, Plaintiff, utilizing virtually identical allegations, sued these same Defendants claiming their actions violated his civil rights under 42 U.S.C. § 1983. Chief Judge Campbell, accepting and approving a Report and Recommendation from Magistrate Judge Brown, granted Defendants' Joint Motion to Dismiss and ordered that judgment in that case be entered on Defendants' behalf. (Case No. 3:09-00664, Docket Nos. 115 & 116).

While the Motions to Dismiss were pending in this case, Plaintiff filed yet another lawsuit relating to his participation in the Zyprexa settlement. In Jefferson v. Tennessee Dept. of Mental

2

Health *et al.*, Case No. 3:11-00288, Plaintiff sued Eli Lilly, Garretson, Daniel (a Ferrer attorney) and the State Defendants, alleging that each was negligent and/or engaged in fraud in inducing him to sign the settlement papers and that, in doing so, all Defendants violated his Fourteenth Amendment rights. Plaintiff increased his combined request for relief to $39,000.001.00. The two cases were consolidated by Order of Chief Judge Campbell and the consolidated action (with this as the lead case) was assigned to the undersigned.[1]

In the R & R, the Magistrate Judge recommends dismissal of the claims against Ferrer, Garretson, Daniel and Eli Lilly on res judicata grounds. He also recommends dismissing the claims against the State Defendants on sovereign immunity grounds.

Because the R & R relates to dispositive motions, this Court's review is *de novo*. Fed. R. Civ. P. 72(b)(3). Having conducted that *de novo* review, the Court finds that Magistrate Judge Bryant's recommended disposition of the pending motions is proper under the law.

The claims against the non-State Defendants are subject to dismissal because Chief Judge Campbell issued a final decision on the merits in Case No. 3:09-00664; the non-State Defendants in this action are the same as in the prior action (or in privity with the prior parties[2]); Plaintiff's claims for negligence and/or fraud are claims which could have been brought and litigated in the prior action; and there is an identity of the causes of actions because the fact and evidence necessary

---

[1] Because of the consolidated nature of the case, some of the Defendants have filed two separate Motions to Dismiss.

[2] Daniel was not a party in the prior case. However, he is alleged to be a Ferrer attorney, and the one who induced Plaintiff to sign the settlement papers. Res judicata bars claims not only between the same parties, but also persons in privity with those in the prior action. See, Browning v. Levy, 283 F.3d 761, 772 (6th Cir. 2002) (res judicata bars suit by "those in privity with the parties"); Russell v. SunAmerica Sec., Inc., 962 F.3d 1169, 1175 (5th Cir. 1992) (most circuits hold that "employer-employee or principal-agent relations may constitute grounds for application of res judicata.").

3

to sustain each action are the same. See, Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2006) (setting forth the four-part test used to determine whether a subsequent action is barred by the doctrine of res judicata). The claims against the State Defendants are subject to dismissal because Plaintiff does not allege any of the three generally recognized exceptions to the rule that states are generally immune from private suits by their citizens under the Eleventh Amendment, see, Barton v. Summers, 293 F.3d 944, 948 (6th Cir. 2002) (setting forth the rule and the exceptions), and, in fact, specifically agrees with the State Defendants that sovereign immunity bars his claims against those Defendants. (Docket No. 97). With the conclusion that dismissal is appropriate as to all Defendants, Plaintiff's pending discovery request are necessarily moot.

In concluding that dismissal of this case is warranted, the Court has thoroughly considered Plaintiff's Objections. Those objections, however, are not specifically directed to the Magistrate Judge's conclusions that res judicata and sovereign immunity apply. Rather, Plaintiff takes issue with the fact that his prior lawsuit was dismissed.

In this regard, Plaintiff claims that Chief Judge Campbell and Magistrate Judge Brown discriminated against him in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, by dismissing his prior suit, that Magistrate Judge Bryant erred by not recognizing the "iligitimacy" [sic] and "legal miss conduct" [sic] of Magistrate Judge Brown "in the earlier dismissed case," and that Magistrate Judge Bryant did nothing to "refute Plaintiff's Response with it's [sic] exhibits and extensive memorandum of law" which purportedly show that he was taken advantage of by Defendants as alleged in the earlier case. (Docket No. 117 at 1-2). Plaintiff also "ask[s] the district judge in the consolidated case to address the concerns of this case as it relates to the conduct of the Magist[rate] in case no. 3:09–00664." (Id. at 2).

4

Leaving aside that neither Chief Judge Campbell nor Magistrate Judge Brown erred in dismissing the earlier action in light of the fact that there was absolutely no suggestion any of the Defendants were state actors as required by 42 U.S.C. § 1983, the propriety of that decision is not before the Court. If Plaintiff believed that Magistrate Judge Brown acted inappropriately, or that Chief Judge Campbell's acceptance of the R & R was incorrect, that is something which should either have been addressed in the context of that case, or by way of an appeal. See, Robert N. Clements Trust v. Morgan Stanley DW, Inc., 485 F.3d 840, 846 (6th Cir. 2007) (where the court indicates that it is entering judgment for failure to state a claim and plaintiff does not attempt to amend his complaint or object to issuance of a judgment, plaintiff "must have intended to 'stand' on [his] complaint").

Arguably, Plaintiff's Objections can be read as an objection to Magistrate Judge Bryant's conclusion that there was a final decision on the merits in the prior case. Even so read, however, such an objection is without merit.

Chief Judge Campbell dismissed the earlier action for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). "In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect." Dyer v. Intera Corp., 870 F.2d 1063, 1066 (6th Cir. 1989); see, Federated Dept. Stores, Inv. v. Moitie, 452 U.S. 394, 399 (1981) (citation omitted) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" ). That Chief Judge Campbell intended his Order to be a final decision on the merits is further confirmed by the fact that the Order itself states that it "shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58." (Case No. 3:09-00664, Docket No. 115). See, Robert N. Clemens Trust, 485 F.3d at 845

5

("the district court must have intended to dismiss the Plaintiff's claims with prejudice because if not, the court would not have entered a final judgment").

Stripped to its essentials, Plaintiff seeks to relitigate the dismissal of his earlier case, but allowing him "to do so would be a waste of judicial resources and the precise situation that the doctrine of res judicata prohibits." Hanger Prosthetics & Orthotics East, Inc. v. Henson, 299 Fed. Appx. 547, 556 (6th Cir. 2008). Because Chief Judge Campbell issued a final ruling on the merits in Case No. 3:09-00664 and that ruling relates to all claims which could have and should have been brought based upon the same facts, Plaintiff's present suit is barred by the doctrine of res judicata.

## II. CONCLUSION

On the basis of the foregoing, the Court will enter an Order that accepts and approves the R & R, denies Plaintiff's Objections thereto, grants Defendants' Motions to Dismiss, and denies Plaintiff's discovery motions as moot.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE