```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

SAMUEL JEFFERSON,              )
                               )
        Plaintiff              )    Case No. 3:10-0754
                               )    Judge Sharp/Bryant
v.                             )
                               )
FERRER, POIROT &               )
WANSBROUGH, *et al.*,          )
                               )
        Defendants             )

**TO:   THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Pending in this case is the "Cross-Motion for Summary Judgment and Response to Motion for Summary Judgment or Alternatively Motion for Non Jury Trial with References to Evidences of Record" filed on behalf of Defendant Garretson Law Firm, LLC (Docket Entry No. 239). The undersigned Magistrate Judge construes this motion to be one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Jefferson has responded in opposition (Docket Entry No. 249).

For the reasons stated below, the undersigned Magistrate Judge recommends that this motion for summary judgment on behalf of Defendant Garretson Law Firm, LLC be GRANTED and that the complaint, as amended, against this Defendant dismissed with prejudice.

**STATEMENT OF THE CASE**

Plaintiff Samuel Jefferson, who is proceeding *pro se* and *in forma pauperis*, has filed this action against multiple Defendants alleging claims of negligence, fraud, and violation of Jefferson's rights under the Fourteenth Amendment of the United States Constitution. These claims arise from events surrounding the settlement of an earlier pharmaceutical mass torts lawsuit in which Jefferson was a plaintiff. The Defendants have denied liability and asserted affirmative defenses. Now, Defendant Garretson Law Firm, LLC ("GLF") has filed its motion for summary judgment, to which Plaintiff Jefferson has responded in opposition.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## SUMMARY OF PERTINENT FACTS

Plaintiff Jefferson, in brief summary, alleges that he was a plaintiff in an earlier pharmaceutical product liability lawsuit against Eli Lilly and Company based upon the drug Zyprexa. Jefferson asserts that he was represented in that lawsuit by the law firm of Ferrer, Poirot and Wansbrough. Jefferson claims that both at the time he signed a retainer contract with the Ferrer,

3

Poirot firm, and later when he signed documents agreeing to settle his claim in that action, he was mentally ill with a diagnosis of paranoid schizophrenia and, therefore, was legally incompetent to make any binding contracts or agreements. Jefferson maintains that the Defendants failed to consult his treating physicians or otherwise determine that he was legally competent to employ the Ferrer, Poirot law firm to represent him or to enter a binding agreement to settle his claims in the underlying pharmaceutical product liability action. Jefferson seeks both compensatory and punitive damages running into the millions of dollars.

## ANALYSIS

In support of its motion for summary judgment, Defendant GLF has filed the affidavit of Matthew L. Garretson (Docket Entry No. 242).

Mr. Garretson testifies in this affidavit that he is an attorney and the sole member of GLF, an Ohio limited liability company. He further states that GLF has never acted as counsel to Plaintiff Jefferson. Instead, Mr. Garretson testifies that he was appointed as Administrator of the HGD Settlement Fund by the Circuit Court of Jefferson County, Alabama, in the case of *Patricia Tracy v. Eli Lilly and Company, et al.*, Civil Action No. CV-06-921 (the "Mass Tort Action"). Mr. Garretson further testifies that his role, and that of his firm, GLF, was to administer this settlement fund after it was established pursuant to the terms of a Master

4

Settlement Agreement. Garretson testifies that neither he nor GLF negotiated the settlement of the litigation nor had any role in determining the amount to be disbursed to any individual plaintiff. He states that GLF and he received an executed instruction from the law firm that represented the Plaintiffs, including Jefferson, in the Mass Tort Action. Garretson testified that he and GLF processed payments in accordance with the instructions received from the Plaintiffs' law firm, pursuant to the terms of the Master Settlement Agreement, over which the Alabama court maintained subject-matter jurisdiction. Garretson also testifies that neither he nor GLF analyzed or considered the mental state of any claimant in the Mass Tort Action, nor were they requested by the court or anyone else to do so. Mr. Garretson testifies that his court-appointed role did not include any review of such documents or any consideration of how much Mr. Jefferson should be paid. Finally, Garretson testifies that GLF is a private law firm is not a unit of government (Docket Entry No. 242).

In support of its motion for summary judgment, Defendant GLF argues that, as a matter of law, it cannot be liable to Jefferson under the legal theory of negligence because GLF was never under a legal duty to Jefferson. Under Tennessee law, there are five essential elements to a negligence claim: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant amounting to a breach of that duty; (3) an injury or loss

5

to the plaintiff; (4) causation in fact; and (5) proximate or legal cause. *Wood v. Newman, Hayes & Dixon Ins. Agency*, 905 S.W.2d 559, 562 (Tenn. 1995).

Here, based upon the undisputed facts in this record, the undersigned Magistrate Judge finds Defendant GLF had no legal duty to Plaintiff Jefferson in this matter. GLF was not employed by Jefferson or otherwise obligated to act on his behalf. Moreover, according to the testimony of Mr. Garretson, GLF was not required or obligated by the terms of its appointment to consider or determine the amount of Jefferson's settlement payment or his mental capacity to sign legally binding agreements relating to this settlement. In the absence of any evidence of contractual or other legal duties of GLF running in favor of Plaintiff Jefferson, the undersigned Magistrate Judge finds that the negligence claim against GLF should be DISMISSED as a matter of law.

With respect to Plaintiff Jefferson's fraud claim, GLF asserts that it did not intentionally misrepresent any material fact, or have any knowledge of any misrepresentation involving a past or existing fact. Under Tennessee law, a party alleging a claim of fraud must demonstrate (1) an intentional misrepresentation of a material fact; (2) knowledge of that misrepresentation's falsity; (3) reasonable reliance upon that misrepresentation; (4) an injury caused by that reliance; and (5) that the misrepresentation involved a past or existing fact. *Mid-*

6

*South Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, 28 (Tenn. Ct. App. 2010).

Jefferson's amended complaint fails to allege any specific misrepresentation by GLF. Instead, he merely claims "that Garretson Lawfirm LLC committed fraud when They acted as financial administrators to an illegal process involving records obtained in violation of (42 CFR part 2)." (Docket Entry No. 1 at 2). In fact, Plaintiff Jefferson fails to claim that GLF made any representation to him upon which he relied, false or otherwise. From this record, including the affidavit testimony of Mr. Garretson, the undersigned Magistrate Judge finds from the undisputed facts that there is no material issue of disputed fact and that the fraud claim against Defendant GLF should be DISMISSED as a matter of law.

Finally, GLF argues that Plaintiff Jefferson's Fourteenth Amendment claim must be dismissed because Defendant GLF is a private law firm and the Fourteenth Amendment only applies to state action. "The Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to the acts of the states, not to acts of private persons or entities." *Perdue v. Quorum Health Resources, Inc.*, 934 F. Supp. 919, 922 (M.D. Tenn. 1996). The only exception to this general rule is in instances in which a private party's action constitutes a state action. *Id*. Plaintiff Jefferson has made no allegation of state action on the part of GLF. In fact, Plaintiff

7

Jefferson's complaint merely claims that all Defendants "violated my 14th amendment rights" without specifying any particular acts by any particular Defendant (Docket Entry No. 1 at 2). In the absence of any affirmative allegation of precisely how Defendant GLF is claimed somehow to have violated Plaintiff Jefferson's rights under the Fourteenth Amendment, the undersigned Magistrate Judge finds from the admissible evidence in this record that Jefferson's Fourteenth Amendment claim against Defendant GLF must be DISMISSED as a matter of law.

In summary, for the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant GLF is entitled to judgment as a matter of law.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion for summary judgment on behalf of Defendant GLF (Docket Entry No. 239) be GRANTED and the complaint against that Defendant DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

8

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 13th day of March, 2014.

                                      /s/ John S. Bryant
                                      JOHN S. BRYANT
                                      United States Magistrate Judge