UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, ) | |
| ) | |
| Plaintiff ) | Case No. 3:10-0754 |
| ) | Judge Sharp/Bryant |
| v. ) | |
| ) | |
| FERRER, POIROT & ) | |
| WANSBROUGH, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendant Eli Lilly and Company ("Lilly") has filed its cross-motion for summary judgment (Docket Entry No. 246). Plaintiff Jefferson has filed a response in opposition (Docket Entry No. 250).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendant Lilly's motion for summary judgment should be granted and the complaint against it dismissed.

### STATEMENT OF THE CASE

Plaintiff Jefferson, who is proceeding *pro se* and *in forma pauperis*, has filed this action against Defendant Lilly and others alleging that Lilly committed numerous legal wrongs in the course of settling a pharmaceutical product liability case in which Plaintiff Jefferson was a plaintiff. Liberally construed, Plaintiff's complaint charges Lilly with violation of Plaintiff's

due process rights under the Fourteenth Amendment, negligence, and fraud. Plaintiff seeks money damages.

Defendant Lilly has filed its motion for summary judgment.

**STATEMENT OF UNDISPUTED FACTS**

It appears undisputed in this and other cases[1] filed by Plaintiff Jefferson alleging similar claims that Jefferson was a plaintiff in a pharmaceutical product liability class action based upon the drug Zyprexa, an antipsychotic drug sold by Defendant Lilly. This case was included in an MDL proceeding maintained in a federal district court in New York.[2] Defendant Ferrer Poirot & Wansbrough, a Dallas, Texas, law firm, represented Plaintiff Jefferson in this action.

As part of a settlement of this earlier case, Plaintiff Jefferson on October 16, 2007, signed a confidential release of all claims (Docket Entry No. 248-1 at 2-10). Later, on February 26, 2008, Plaintiff Jefferson signed his mother's name to a document

---

[1]Plaintiff Jefferson has filed multiple actions based upon the same body of operative facts:
*Jefferson v. Ferrer, Poirot & Wansbrough et al.*, No. 2:09-cv-02096 (W.D. Tenn); *Jefferson v. Ferrer, Poirot & Wansbrough Law Firm et al., No. 3:09-cv-00664 (M.D. Tenn);* Jefferson v. Ferrer, Poirot, and Wansbrough et al., No. 3:10-cv-00754 (M.D. Tenn); *Jefferson v. State of Tennessee Department of Mental Health and Developmental Disabilities et al., No. 3:11-cv-00288 (M.D. Tenn); Jefferson v. Barless et al.,* No. 3:12-cv-00485 (M.D. Tenn); *Jefferson v. O'Toole et al*, No. 12-cv-00576 (M.D. Tenn).

[2]*In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596 (JBW)(E.D.N.Y. 2004)

entitled "Zyprexa Settlement Award Acknowledgment Form" and a disbursement statement acknowledging the amount of his portion of the MDL settlement (Docket Entry No. 327-4 at 2-3). Plaintiff Jefferson admits that he received a total settlement amount of approximately $28,000, of which he paid his lawyers approximately $11,000 (Docket Entry No. 250 at 32-33). Of the remaining approximately $17,000 that Plaintiff Jefferson received, he states that he gave all but $200 to his immediate relatives (*Id.*)

Jefferson in the present action claims that, due to his mental illness, he was legally incompetent to sign a binding agreement to settle his product claim against Lilly, and that the Defendants in this action, including Lilly, in the exercise of reasonable diligence should have known that his execution of the settlement documents was legally invalid due to his mental illness.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Liberally construing Plaintiff's somewhat vague and confusing complaint, it appears that Jefferson claims that Defendant Lilly was guilty of wrongful conduct in the course of the settlement of his claims in the underlying Zyprexa product liability action. Specifically, Jefferson asserts that Lilly

4

violated his Fourteenth Amendment due process rights, that Lilly was negligent, and that Lilly was guilty of fraud in procuring this settlement.

The Fourteenth Amendment Due Process Claim. Although Jefferson's complaint contains only scant facts, he alleges that Lilly violated his due process rights protected by the Fourteenth Amendment. This Amendment, in pertinent part, states as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Fourteenth Amendment by its terms prohibits a state, or a person acting under color of state law, from depriving a citizen of due process. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149 (1978). In the absence of any claim of state involvement, merely private conduct does not violate the due process clause of the Fourteenth Amendment. *Mineo v. Transportation Management of Tennessee, Inc.*, 694 F.Supp. 417, 423 (M.D. Tenn. 1988). Here, there is no claim, much less evidence, that Lilly was anything but a private actor. Therefore, Jefferson's claim based upon the due process clause of the Fourteenth Amendment must be dismissed as a matter of law.

The Claim of Negligence. Jefferson faults Defendant Lilly for seeking to settle "without considering my individual legal capacity to settle independent of psychiatrist, and conservator & judge . . . . I claim that all three parties acted with carelessness concerning me a mental patient, and for their own

financial advancement/advantage." (Case No. 3:09-0664, Docket Entry No. 1). In this case, Plaintiff alleges that Lilly "Failed and refused to Scrutinize the Status of my signature and my mental status, as the record shows that their drug, Zyprexa, is used to treat mental illness, Paranoid Schizophrenia . . . . Eli Lilly Fragrantly (sic) sought to settle and acted with negligence." (Docket Entry No. 11).

To establish a claim of negligence, a plaintiff must show five elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 350 n. 7 (Tenn. 2014) (citing *Satterfield v. Breeding Insulation Co.*, 226 S.W.3d 347, 355 (Tenn. 2008)). Here, Plaintiff Jefferson has failed to articulate any facts that would impose upon Lilly a legal duty to Jefferson in the context of the settlement of Jefferson's claim against Lilly in the underlying product liability action. Jefferson and Lilly were adversaries in that case, and each was represented by counsel. Specifically, the undersigned finds that Lilly was under no duty to Jefferson to consider or determine his capacity to settle the underlying case or to conduct some independent determination of that capacity. Moreover, since Jefferson was represented by counsel, Lilly would have been ethically precluded from having any direct contact with Jefferson other than through Jefferson's lawyer. In the absence of facts that would support

imposition of a legal duty upon Lilly, Jefferson's conclusory claim OF negligence must fail.

<u>Claim of Fraud</u>. Plaintiff Jefferson in conclusory fashion alleges that Lilly committed fraud in the context of settling his underlying product claim.

To establish an action for fraud, a plaintiff must show: (1) an intentional misrepresentation of a material fact; (2) knowledge that the misrepresentation was false – that the misrepresentation was made knowingly or recklessly or without belief or regard for its truth; (3) reasonable reliance on the misrepresentation by the Plaintiff and resulting damages; and (4) that the misrepresentation relates to an existing or past fact. *Dog House Investments, LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 916 (Tenn. Ct. App. 2014) (citing *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App.)).

Here, Plaintiff Jefferson has failed to allege any misrepresentation of a material fact by Lilly during the course of the settlement of Jefferson's product claim against Lilly. In fact, there is no evidence of a representation by Lilly to Jefferson, true or false, with respect to this settlement. Specifically, Lilly had no direct knowledge of Jefferson's mental competence at any pertinent time, and it was therefore incapable of making any representation on that subject. Therefore, the undersigned Magistrate Judge finds that the undisputed facts in this case fail to support a claim of fraud by Lilly, and that this claim must be dismissed as well.

In summary, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant Lilly is entitled to judgment as a matter of law.

**RECOMMENDATION**

For the reasons state above, the undersigned Magistrate Judge recommends that Defendant Lilly's cross-motion for summary judgment should be granted and the complaint against this Defendant dismissed, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 25th day of February, 2015.

/s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge