UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL JEFFERSON, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 3:10-0754 |
| | ) | Judge Sharp/Bryant |
| v. | ) | |
| | ) | |
| FERRER, POIROT & | ) | |
| WANSBROUGH, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendants Ferrer, Poirot and Wansbrough and Matt Daniel have filed their First Amended Motion for Summary Judgment (Docket Entry No. 333). Plaintiff Jefferson has not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that these Defendants' motion for summary judgment be granted and the complaint dismissed.

### STATEMENT OF THE CASE

Plaintiff Jefferson, who is proceeding *pro se* and *in forma pauperis*, has filed this action alleging legal wrongdoing by his former lawyers in the course of the settlement of Jefferson's claims in an earlier pharmaceutical product liability lawsuit against Defendant Eli Lilly & Company ("Lilly"). Jefferson asserts causes of action against these Defendants for violation of his

Fourteenth Amendment rights to due process, negligence and fraud. Jefferson seeks money damages.

These Defendants have filed their motion for summary judgment.

**STATEMENT OF UNDISPUTED FACTS**

It appears from the record in this case and in other cases[1] filed by Jefferson arising out of the same body of operative facts that it is undisputed that Defendant Ferrer, Poirot & Wansbrough, a Dallas, Texas, law firm and Defendant Matt Daniel, a lawyer in this firm, represented Jefferson as a plaintiff in an earlier product liability action brought against Lilly based upon Zyprexa, an antipsychotic drug sold by Lilly. This earlier action was included in a multidistrict litigation proceeding in a federal district court in New York.[2]

As part of the settlement of this earlier case, Jefferson on October 16, 2007, signed a confidential release of all claims (Docket Entry No. 248-1 at 2-10). Later, on February 26, 2008,

---

[1]Plaintiff Jefferson has filed multiple actions based upon the same body of operative facts:
*Jefferson v. Ferrer, Poirot & Wansbrough et al.*, No. 2:09-cv-02096 (W.D. Tenn); *Jefferson v. Ferrer, Poirot & Wansbrough Law Firm et al., No. 3:09-cv-00664 (M.D. Tenn)*; Jefferson v. Ferrer, Poirot, and Wansbrough et al., No. 3:10-cv-00754 (M.D. Tenn); *Jefferson v. State of Tennessee Department of Mental Health and Developmental Disabilities et al., No. 3:11-cv-00288 (M.D. Tenn); Jefferson v. Barless et al.*, No. 3:12-cv-00485 (M.D. Tenn); *Jefferson v. O'Toole et al*, No. 12-cv-00576 (M.D. Tenn).

[2]*In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596 (JBW)(E.D.N.Y. 2004)

Jefferson signed his mother's name to a document entitled "Zyprexa Settlement Award Acknowledgment Form" and a disbursement statement acknowledging the amount of his portion of the MDL settlement (Docket Entry 327-4 at 2-3). Plaintiff Jefferson admits that he received a total settlement amount of approximately $28,000, of which he paid his lawyers approximately $11,000 (Docket Entry No. 250 at 32-33). Of the remaining approximately $17,000 that Jefferson received, he states that he gave all but $200 to his immediate relatives (*Id.*).

Jefferson in this present action claims that due to his mental illness at the time, he was legally incompetent to sign a binding agreement to settle his product claim against Lilly, and that the Defendants, in the exercise of reasonable diligence, should have known that his execution of the settlement documents was legally invalid due to his mental incompetence.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any

genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

As stated above, Plaintiff Jefferson asserts causes of action against these Defendants, his former lawyers, for violating his rights to due process under the Fourteenth Amendment, negligence, and fraud or conspiracy to commit fraud. The

undersigned Magistrate Judge will address each of these claims separately.

  <u>The Fourteenth Amendment Due Process Claim</u>. Beyond the mere conclusory allegation, Jefferson fails to specify any facts upon which he bases his due process claim against these Defendants. Apparently, construing his complaint liberally, Jefferson claims that, by allowing him to settle his underlying product claim against Lilly during a period of legal incompetence due to mental illness, these Defendants deprived him of due process of law.

  The Fourteenth Amendment, in pertinent part, states as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Fourteenth Amendment by its terms prohibits a state, or a person acting under color of state law, from depriving a citizen of due process. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149 (1978). In the absence of any claim of state involvement, merely private conduct does not violate the due process clause of the Fourteenth Amendment. *Mineo v. Transportation Management of Tennessee, Inc.*, 694 F.Supp. 417, 423 (M.D. Tenn. 1988). Here, there is no claim, much less evidence, that these Defendant lawyers were anything but private actors. Therefore, Jefferson's claim based upon the due process clause of the Fourteenth Amendment must be dismissed as a matter of law.

The Claim of Negligence. In his amended complaint, Jefferson alleges that he was housed in the Western Mental Health Institute in Bolivar, Tennessee, at the time of signing his retainer contract with the Defendant attorneys. He further alleges that the Defendant attorneys "did not consult my psychiatrist, my conservator, or the judge who had ruled on my mental status before amending my signature and name to the thirty million dollar lawsuit ($30,000,000) settlement contract with Eli Lilly Corporation." (Docket Entry No. 11 at 1-2).

To establish a claim of negligence, a plaintiff must show five elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 350 n. 7 (Tenn. 2014). In this case, it is undisputed that the Defendant attorneys had been employed to represent Jefferson as a plaintiff in the underlying product liability action against Lilly. Therefore, it appears undisputed that the Defendant lawyers were under a duty to represent Jefferson in a manner consistent with the degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction. *Rose v. Welch*, 115 S.W.3d 478, 483 (Tenn. Ct. App. 2003).

In a legal malpractice action, expert testimony is required to establish negligence and proximate cause unless the alleged malpractice is within the common knowledge of laymen. *Rose,*

115 S.W.3d at 484. Only in cases involving "clear and palpable negligence" in legal malpractice be determined without expert testimony. *Id.*

In support of their motion, the Defendant attorneys have filed the affidavits of two lawyers, Jesse F. Ferrer and Matt Daniel (Docket Entry Nos. 333-1 and -2). In these affidavits, Ferrer and Daniel, both licensed attorneys , have stated their opinions that the Defendant attorneys did not commit any act or omission that fell below the applicable standard of care and amounted to a breach of any duties owed to Jefferson during or after their representation of him. As stated above, Jefferson has filed no response in opposition.

In absence of any expert testimony sufficient to create a genuine dispute of material fact regarding a breach of the applicable standard of care required of the Defendant attorneys, the undersigned Magistrate Judge finds that summary should be granted in favor of these Defendants on Jefferson's claim of negligence. Rule 56(e)(3), Federal Rules of Civil Procedure.

<u>Claim of Fraud</u>. Although he does not allege fraud in either his complaint nor his amended complaint in this action (Docket Entry Nos. 1 and 11), Jefferson in his other lawsuits has alleged a claim of fraud against the Defendant attorneys. In the scant facts included in Jefferson's complaints, he has failed to plead with particularity the specific facts that he claims constitute fraud by the Defendants.

To establish a claim for fraud, a plaintiff must show: (1) an intentional misrepresentation of a material fact; (2) knowledge that the misrepresentation was false – that the misrepresentation was made knowingly or recklessly or without belief or regard for its truth; (3) reasonable reliance on the misrepresentation by the plaintiff and resulting damages; and (4) that the misrepresentation relates to an existing or past fact. *Dog House Investments, LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 916 (Tenn. Ct. App. 2014) (citing *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990)).

Here, Plaintiff Jefferson has failed to allege, much less prove, an intentional misrepresentation by these moving Defendants. Similarly, he has failed to articulate or offer any evidence of the other elements as a claim for fraud. Therefore, the undersigned Magistrate Judge finds that this claim as well must be dismissed against these moving Defendants.

In summary, the undersigned Magistrate Judge finds from the record in this case that there is no genuine dispute as to any material fact, and that these Defendants are entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons state above, the undersigned Magistrate Judge recommends that the first amended motion for summary judgment on behalf of Defendants Ferrer, Poirot & Wansbrough and Matt Daniel should be granted, and the complaint against them dismissed, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 27th day of February, 2015.

/s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge