# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:10-cv-0754 |
| v. ) | Judge Sharp |
| ) | |
| FERRER, POIROT ) | |
| & WANSBROUGH, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court are two Report and Recommendations ("R & R") from Magistrate Judge Bryant. In the first R & R, the Magistrate Judge recommends that Defendant Eli Lilly and Company ("Lilly")'s Cross-Motion for Summary Judgment (Docket No. 246) be granted and the complaint against Defendant Lilly be dismissed with prejudice. (Docket No. 349). Plaintiff did not object to the first R & R.

In the second R & R, the Magistrate Judge recommends that the First Amended Motion for Summary Judgment filed by Defendants Ferrer, Poirot & Wansbrough ("Ferrer") and Matt Daniel ("Daniel") (Docket No. 333) be granted and the complaint against Defendant Ferrer and Defendant Daniel be dismissed with prejudice. (Docket No. 353). Plaintiff, proceeding pro se, has filed objections to the second R & R. (Docket No. 355).

For the reasons set forth below, the Court will accept both R & Rs, reject Plaintiff's objections, grant Defendants' Motions for Summary Judgment, deny any remaining motions as moot and dismiss the case.

1

# I. DISCUSSION

## A. Lilly's Cross-Motion for Summary Judgment

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the Magistrate Judge's recommendation that the Court grant Defendant Lilly's Motion for Summary Judgment. Accordingly, Plaintiff's claims against Defendant Lilly will be dismissed.

## B. Ferrer and Daniel's First Amended Motion for Summary Judgment

This case arises out of three complaints filed by Plaintiff based on Plaintiff's participation in a class action settlement against Lilly relating to the anti-psychotic drug Zyprexa. Plaintiff's first complaint was initially filed in <u>Jefferson v. Ferrer, Poirot & Wansbrough, et al.</u>, Case No. 3:09-cv-0664, and alleged violations of civil rights under 42 U.S.C. § 1983. On Defendants' joint motion, the Court dismissed Plaintiff's § 1983 claims. (Case No. 3:09-cv-00664 Docket Nos. 115 & 116).

Plaintiff's second complaint for malpractice and negligence originated the present case[1], and alleges that Ferrer, a Dallas, Texas law firm, solicited Plaintiff's signature for use in the settlement while Plaintiff was "severely mentally ill and housed in the Western Mental Health Institute," and that Ferrer, prior to obtaining his signature, failed to consult with his treating

---

[1] The Court also dismissed Plaintiff's second complaint on res judicata grounds; however, the Sixth Circuit Court of Appeals disagreed, construing Plaintiff's second complaint to be a continuation of his original action. Nevertheless, the appeals court affirmed dismissal of Plaintiff's claims against the state defendants, and did not disturb the district court's ruling regarding Plaintiff's § 1983 claims. (Docket No. 151).

psychiatrist, his conservator, and the judge "who had ruled on [Plaintiff's] mental status[.]" (Docket No. 1 at 1-2).

Plaintiff's third complaint was initially filed in Jefferson v. Ferrer, Poirot & Wansbrough, et al., Case No. 3:11-cv-00288. Essentially, it alleges that Defendant Ferrer and Defendant Daniel committed fraud against Plaintiff and violated his Fourteenth Amendment due process rights when they encouraged him to sign documents that resulted in settlement of his claims against Lilly. On March 29, 2011, Jefferson v. Ferrer, Poirot & Wansbrough, et al., Case No. 3:11-cv-00288 was consolidated with the present case. (Case No. 3:11-cv-00288 Docket No. 10).

As a result of the above-described events, Plaintiff's claims against Defendant Ferrer and Defendant Daniel presently before the Court are for negligence, fraud or conspiracy to commit fraud, and violations of the Fourteenth Amendment.

Magistrate Judge Bryant recommends that Defendants' Motion for Summary Judgment be granted and this case be dismissed because Plaintiff failed to respond to Defendants' motion. Thus, the Magistrate Judge concludes that Plaintiff has failed to raise a genuine issue of material fact for trial.

In accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record, and agrees with the Magistrate Judge's determination that Defendants are entitled to Summary Judgment. Specifically, the Court agrees that Plaintiff's Fourteenth Amendment claims should be dismissed because the Amendment only applies to a state or a person acting under color of state law, and "there is no claim, much less evidence, that these Defendant lawyers were anything but private actors." (Docket No. 353). See Mineo v. Transportation Management of Tennessee, Inc., 694 F. Supp. 417, 422 (M.D. Tenn. 1988)

3

(citations omitted) ("The Fourteenth Amendment…applies to acts of the states, not to acts of private persons or entities.")

Furthermore, the Court agrees with the Magistrate Judge's conclusion that expert testimony is required to establish negligence and proximate cause in a legal malpractice action, and "in the absence of any expert testimony sufficient to create a genuine dispute of material fact regarding a breach of the applicable standard of care required of the Defendant attorneys," summary judgment is appropriate. (Docket No. 353). See Dorrough v. Tarpy, 260 Fed. Appx. 862, 864 (6th Cir. 2008) (finding summary judgment appropriate in a legal malpractice action where the plaintiffs failed to produce any expert affidavits establishing the standard of care).

Finally, the Court agrees that Plaintiff "has failed to allege, much less prove, an intentional misrepresentation by these moving Defendants," (Docket No. 353) and, as a result, Plaintiff's fraud claim should be dismissed. See Dog House Investments, LLC v. Teal Properties, Inc., 448 S.W.3d 905, 916 (Tenn. Ct. App. 2014) (requiring the plaintiff to show an intentional misrepresentation of a material fact in order to establish a claim for fraud.)

In concluding that dismissal of this case is warranted, the Court has thoroughly considered Plaintiff's objections. Although vague and disjointed, the Court discerns that Plaintiff's only objection to the R & R is that it is based on Plaintiff's failure to respond to Defendants' summary judgment motion. Plaintiff argues he should be excused for his non-responsiveness because he was confused and mistaken as to the procedural requirements.

The Court does not find Plaintiff's argument persuasive. Although courts hold pleadings filed by pro se litigants to less stringent standards than formal pleadings drafted by lawyers, (See Haines v. Kerner, 404 U.S. 519, 520, (1972)), there is no cause for extending this lenient standard to "straightforward procedural requirements that a layperson can comprehend as easily

4

as a lawyer." <u>Murphy v. Reed</u>, 22 F. App'x 390, 391 (6th Cir. 2001) (citing <u>Jourdan v. Jabe</u>, 951 F.2d 108, 109 (6th Cir.1991)).  In this case, the record reveals that Plaintiff has successfully filed and responded to several dispositive motions. (<u>See</u> Docket Nos. 183, 237, 238, 243, 249, 250, 327).  It is clear, therefore, that Plaintiff understands the procedural requirements of dispositive motion practice.  Under these circumstances, the Court will not excuse Plaintiff from the requirements of the Federal Rules of Civil Procedure and this Court's local rules.  Accordingly, Plaintiff's claims against Defendants will be dismissed.

Because Defendant Lilly, Defendant Ferrer and Defendant Daniel were the only remaining Defendants in this action, their dismissal will result in the discharge of Plaintiff's entire cause of action and the denial of any remaining motions as moot.

## II. CONCLUSION

On the basis of the foregoing, the Court will enter an Order that accepts and approves the R & Rs, denies Plaintiff's objections, grants Defendants' Motions for Summary Judgment, denies any remaining motions as moot, and dismisses the case.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE